**Opinion issued August 23, 2012.**



In The

# Court of Appeals

### For The

# First District of Texas

———————

## NO. 01-12-00441-CV

———————

## RUSSELL & SMITH FORD, INC. d/b/a RUSSELL & SMITH AUTO GROUP, Appellant

## V.

## UNIVERSAL UNDERWRITERS OF TEXAS INSURANCE COMPANY AND ZURICH AMERICAN INSURANCE COMPANY, Appellees

---

### On Appeal from the 333rd District Court
### Harris County, Texas
### Trial Court Cause No. 2010-43037

---

## MEMORANDUM OPINION

Appellant Russell & Smith Ford, Inc. d/b/a Russell & Smith Auto Group attempts to appeal from the trial court's judgment signed July 14, 2011.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a)(1). The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id.* To be considered timely, a motion for new trial must be filed within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a).

The record reflects that the trial court signed the final summary judgment order in the underlying trial court case on July 14, 2011. On September 15, 2011, appellant filed a sworn no-notice-of-judgment motion in the trial court, indicating that appellant did not receive notice of the final judgment until September 12, 2011. On September 30, 2011, the trial court granted that motion and extended all deadlines pursuant to Texas Rule of Civil Procedure 306a(4), which provides that all deadlines will run from the date that the party received notice–here, September 12, 2011. Therefore, a motion for new trial, if any, was due 30 days after September 12, 2011, by October 12, 2011. The record shows that appellant timely filed a motion for new trial on September 30, 2011, which extended the deadline for filing the notice of appeal to 90 days. *See* TEX. R. APP. P. 26.1(a)(1). Appellant's notice of appeal was therefore due by December 12, 2011.

2

Appellant did not file a notice of appeal until May 1, 2012. This Court can extend the time to file a notice of appeal if the motion to extend is filed within fifteen days after the initial deadline for filing the notice of appeal–here, by December 27, 2012. *See* TEX. R. APP. P. 26.3. Once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Appellant's notice of appeal was untimely filed. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On July 11, 2012, we denied appellant's motion to extend time to file the notice of appeal to May 1, 2012 and notified appellant that the appeal was subject to dismissal for want of jurisdiction. More than ten days have passed since appellant was given notice that the appeal was subject to dismissal for want of jurisdiction.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.